[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 05-15167

————————

D. C. Docket No. 98-00673 CV-JEM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2006
THOMAS K. KAHN
CLERK

SHELYNDRA BROWN, by her mother and next
friend, JESSE O'NEIL, RONALD ADSIDE, by his
father and next friend, CLAUDE F. ADSIDE, et al.,

Plaintiffs-Appellees,

versus

JEB BUSH, in his official capacity as Governor
of the State of Florida, EDWARD FEAVER, in his
official capacity as Secretary, STATE OF FLORIDA,
DEPARTMENT OF CHILDREN AND FAMILIES, et al.,

Defendants-Appellees,

STOVER OBJECTORS,

Proposed-Intervenors
Appellants.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

**(September 11, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and MILLS,* District Judge.

PER CURIAM:

In this appeal, a group called the Stover Objectors (the "Objectors") seeks to prevent the state of Florida from closing the state-run Gulf Coast Center, a Developmental Services Institution ("DSI") for mentally retarded individuals, pursuant to a Settlement Agreement in a class action lawsuit. The district court denied the Objectors' oral motion to intervene and to decertify the class, and the Objectors now appeal. For the reasons that follow, we affirm in part and dismiss in part.

## I. Background

In 1998, individuals who resided in one of Florida's state-run and operated DSIs (Shelyndra Brown, *et al.,* collectively the "Plaintiffs") initiated the underlying class action in this case against the Governor and various state officials (Jeb Bush, *et al.*, collectively the "Defendants"). The Plaintiffs are mentally retarded individuals who sought less restrictive community-based placements instead of placement in a residential institution such as a DSI, but whose requests were denied because there was a lack of appropriate, available community

*Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

placements. After review by this court, the district court certified a class to include all present and future residents of DSIs who requested community-based placements. *See Brown v. Bush*, No. 99-11544 (11th Cir. Feb. 3, 2000). The Objectors, who are Gulf Coast Center residents who have not requested community-based placements and wish to remain in a DSI, are thus not members of the class.

In 2004, the parties to the suit agreed to a settlement to effectuate community-based placements, which included provisions not only to provide for community placements, but also to close two of Florida's four DSIs, including the Gulf Coast Center in 2010. The district court scheduled a fairness hearing on the Settlement Agreement for December 10, 2004, and provided notice to all residents of Florida DSIs (not just class members), including their families and guardians. The notice, which was mailed on October 18, 2004, summarized the Settlement Agreement and invited interested persons to submit their objections to the court by November 24, 2004.

After a July 2004 newspaper article reported the possible closure of the Gulf Coast Center, many of the residents of that facility who were not members of the class, along with their families and guardians, began to write letters to the court expressing their objections to the closure. They did not want to be forced into

3

community placements that might not be appropriate for serving their needs, or to be forced to move to another DSI. Some of the Objectors retained counsel, and their counsel informed the court that they intended to voice their objections at the hearing but never filed a motion to intervene as a party to the suit.

At the December 10, 2004, fairness hearing, counsel for the Objectors asserted his clients' objections to the closure of the facility, and orally moved to intervene to contest the Settlement Agreement and decertify the class. Counsel did not specify whether they wished to intervene as a matter of right or permission. The court orally denied the motion, but permitted the Objectors who were present to testify as to their objections to the Settlement Agreement. The court also permitted Counsel for the Objectors to file a post-hearing memorandum in opposition to the proposed Settlement Agreement. Counsel did submit a memorandum further laying out his clients' objections, but did not at any time file a written motion to intervene.

The court approved the Settlement Agreement in an August 11, 2005, order in which it devoted eight of the total twenty-four pages to the oral motion to intervene and other concerns of the Objectors. The court held that the motion to intervene was untimely and improper, and that even if the Objectors had standing

or were permitted to intervene, their objections were unfounded because they were addressed by the agreement or by existing law.

The Objectors appeal the district court's denial of their motion to intervene and motion to decertify the class, along with the district court's approval of the Settlement Agreement.

## II.  Issues

1.  Whether this court has jurisdiction over an appeal of a denial of a motion to intervene.

2.  Whether the district court abused its discretion in finding that the Objectors' motion to intervene was untimely.

## III.  Standard of Review

This court reviews for abuse of discretion the district court's denial of a motion to intervene as of right or permissively due to timeliness.  *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1984).

## IV.  Discussion

A.  *Jurisdiction*

Under the "anomalous rule," this court has provisional jurisdiction to review a district court's denial of a motion to intervene based on right, or denial of a motion to intervene based on right and permission.  *See Stone v. First Union*

5

*Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004). If the district court erred in denying intervention based on right, or abused its discretion in denying permissive intervention, this court has jurisdiction to correct the error. *Id.* "If the district court did not err, however, then this court's jurisdiction 'evaporates.'" *Id.*

At the fairness hearing in the district court, the Stover Objectors did not specify whether they were moving to intervene as of right, under Fed. R. Civ. P. 24(a), or permissively, under Fed. R. Civ. P. 24(b). On appeal, they argue that they are entitled to intervene on both grounds. For purposes of this appeal, we assume they intended to move on both grounds and thus this court has provisional jurisdiction to consider whether the district court properly denied their motion to intervene.

B. *Timeliness*

Under both Fed. R. Civ. P. 24(a) and 24(b), a party must show that its application to intervene was timely. "Timeliness" is not precisely measurable, and courts should view it flexibly toward both the courts and the litigants in the interests of justice. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). In considering whether a motion is timely filed, this court considers: (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of

6

prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that its motion was timely. *Id.*

1. *Length of time intervenors knew of their interest*

The district court, in its order, considered the amount of time before the December 10, 2004, fairness hearing that the Objectors actually knew of their interest in the settlement agreement. Many of them learned of the possible closure of the Gulf Coast Center from a newspaper article that was published on July 12. At the latest, the remaining Objectors were notified of their interest through the court-ordered October 18 mailing to all DSI residents and their families and guardians, seven weeks before the Fairness Hearing. Further, the court-ordered notification explicitly stated that all objections must be filed by November 24. The Objectors, however, did not file a motion to intervene before the November 24 deadline for objections, nor at any time before the December 10 hearing; instead they waited until the Fairness Hearing was underway and made an oral motion, without advance notice to the parties or the court, and without providing any written pleadings.

Following a court-ordered notification of an individual's interest in a proposed Settlement Agreement, which provides an explicit hearing date and deadline for filing objections, we hold that seven weeks is not too short of a time for an interested party to file a motion to intervene. Indeed, the Objectors do not contest that proposition and do not proffer any reason they could not have filed a proper motion to intervene prior to the November 24 deadline for objections, nor prior to the Fairness Hearing. Accordingly, this factor supports the district court's finding that the Objectors' oral motion to intervene was untimely.

2. *Prejudice to the parties*

The district court also found that the parties to the suit would have been prejudiced by granting the Objectors' motion to intervene. The court noted that granting the last minute oral motion would have caused the hearing to be adjourned because the parties did not have notice of the motion and had not prepared a response, and the seven year old suit would have been further delayed because the intervention would inject new legal issues into the case and adjournment would require renotification of the entire class. These potential ramifications are not mere inconveniences; we conclude that it was not an abuse of discretion for the district court to find that the new legal issues and resultant

delays brought on by the motion would substantially prejudice the parties to the suit.

### 3. *Prejudice to the intervenors*

The district court further found that the potential prejudice to the Objectors from denial of their motion to intervene does not outweigh the significant prejudice to the parties of the case that would result from allowing the intervention. It reasoned that the Objectors were still able to present their concerns to the court at the hearing and in the post-hearing memorandum, and that they could pursue actions under existing law to protect any right they may have to continue to reside in a DSI.

After reviewing the record, we conclude that the district court did not abuse its discretion in finding that the prejudice to the Objectors did not outweigh the prejudice to the parties of the suit. The district court gave the Objectors adequate opportunity to present their objections, and fully considered how their interests would be impacted by the Settlement Agreement. Further, the district court's approval of the Settlement Agreement does not have any stare decisis effect on the Objectors because they are not parties to the suit; therefore, they may fully pursue any rights they may have under existing law to remain in the Gulf Coast Center or any other DSI.

4. *Unusual circumstances*

The district court found there were no other unusual circumstances that would influence the timeliness of the motion.  On appeal, the Objectors contend that the circumstances were unusual because, as non-members of the class, they were essentially kept in the dark about the progress of the suit and that the class did not represent their interests.  However, this is not an unusual circumstance; even if the Objectors were not aware of the progress of the class action suit, they were notified of the closure of the Gulf Coast Center by, at the latest, October 18, and given an explicit deadline to submit all objections.  As they had a sufficient length of time after official notification to submit a motion to intervene prior to the Fairness Hearing, any lack of knowledge during the previous six years of the suit does not constitute an unusual circumstance that would excuse an untimely motion to intervene.  Further, even though they were not allowed to intervene, the district court fully heard the concerns of the Objectors and allowed them to present testimony at the hearing and a post-hearing memorandum.  Accordingly, we hold that the district court did not abuse its discretion in finding that there were no unusual circumstances that prevented the Objectors from moving to intervene prior to the Fairness Hearing.

## V.  Conclusion

Because all the above factors support the district court's finding that the Objectors' motion was untimely, we conclude that the district court did not abuse its discretion in denying the motion to intervene. Because the district court did not err in denying the motion to intervene, the Objectors are not parties to the underlying action and this court's jurisdiction over their remaining claims "evaporates."[1] Accordingly, we affirm the portion of the district court's order denying the Objectors' motion to intervene, and dismiss this appeal.

AFFIRMED IN PART AND APPEAL DISMISSED.

---

[1]Because our provisional jurisdiction "evaporates," we need not address whether the district court erred in denying the Objectors' motion to decertify the class, nor whether it erred in approving the Settlement Agreement.